

One Grand Central Place
60 East 42nd Street, Suite 1570
New York, NY 10165
tell: +1 (212) 321-0510

www.ekljnlaw.com

Ilene Jaroslaw
ijaroslaw@ekljnlaw.com
Direct: +1 (917) 763-9852

April 25, 2025

*Via ECF*

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *United States v. Kahn*, 24 Cr. 56 (S-1) (AMD)

Dear Judge Donnelly:

    On behalf of Mr. Ilya Kahn, we respectfully submit this letter motion requesting that the Court modify Mr. Kahn's conditions of release. Pursuant to Mr. Kahn's Release Order, filed by the Court on December 10, 2024 (hereinafter, the "Release Order"), Mr. Kahn was released on a bond cosigned by financially responsible sureties.

    Since that time, Mr. Kahn has faithfully adhered to the conditions set forth in the Release Order, including restrictive home detention and limited access to computers and other devices. Mr. Kahn submits this request for (1) access to a second electronic device – namely, a laptop computer; and (2) permission to leave his residence subject to a curfew as set forth by the Court.

    **Request for a Second Electronic Device.** Mr. Kahn respectfully requests that his Release Order be modified to permit him access to a second device, a personal laptop computer, so that he can attempt to secure an income and participate in educational programs and tutoring. The government takes no position on Mr. Kahn's application for this second device. Mr. Kahn's assigned Pretrial Services (PTS) officer opposes this request for the reasons outlined in her email attached as Appendix I ("App. I").

    Pursuant to the Release Order, Mr. Kahn has access to one device - a monitored smartphone. Mr. Kahn had also applied for, and was granted, temporary access to a monitored laptop computer for employment purposes. Mr. Kahn paid for monitoring services on this machine. On April 1, 2025, Mr. Kahn's PTS officer in California informed him that, without proof of employment, Mr. Kahn would no longer be permitted access to a monitored laptop. Mr. Kahn was

ELLIOTT KWOK LEVINE JAROSLAW NEILS LLP

April 25, 2025
Page 2

unable to secure employment, and he returned the laptop to its owner by April 3, 2025, as instructed.

PTS has stated that no second device will be permitted unless Mr. Kahn submits proof of employment or enrollment in an educational program. Mr. Kahn has a heart condition and finds it challenging to maintain consciousness in a traditional, physically demanding work setting. Remote work on his computer is more suitable given Mr. Kahn's age and medical condition. It would also be challenging for Mr. Kahn to find any such work without access to a second device. In terms of educational opportunities, Mr. Kahn would like to be able to access informal online education, which is often free and does not include proof of enrollment. Enrollment in a formal educational program incurs expenses which Mr. Kahn cannot afford at this time.

PTS has prohibited Mr. Kahn from communicating in Russian on his electronic devices, and he has complied. However, we request that the conditions of release be modified to clarify that Mr. Kahn may receive messages in Russian. Mr. Kahn's friends and family typically communicate in Russian, and they send him articles and messages in their native language. While Mr. Kahn requested that they communicate with him in English, he has been unable to control which language they use in their messages to him. Mr. Kahn has adhered, and will continue to adhere, to the condition that he reply to messages only in English.

**Request for Modification of Home Detention Conditions.** Mr. Kahn respectfully requests that his home detention conditions be modified to grant him a curfew. Mr. Kahn has complied with his conditions of home detention and is grateful to this Court for permitting his release pending sentence. Still, certain restrictions imposed by PTS are unduly difficult. For example, PTS must approve Mr. Kahn's requests to make trips to the store but it imposes extremely tight time limits and often takes days to respond.

We request that Mr. Kahn be permitted to travel locally to permit longer trips to stores, visits with a nearby relative who is elderly and injured, nearby social events, and educational programs at his synagogue. While PTS has stated that Mr. Kahn is permitted to leave his residence with advance approval for "employment, education, and other activities," in fact, PTS has declined to approve, for example, Mr. Kahn's attendance at educational programming at his synagogue except by Court order. (App. I).

Accordingly, we respectfully request the following modifications to the conditions of Mr. Kahn's release. We propose a curfew that confines Mr. Kahn to his residence from 5:00 p.m. each evening until 7:00 a.m. each morning, excepting his already-approved dog walking schedule outside these hours.

ELLIOTT KWOK LEVINE JAROSLAW NEILS LLP

April 25, 2025
Page 3

As set forth in App. I, PTS opposes our request. The government advises that it takes no position on the request.

      We appreciate the Court's consideration.

Respectfully submitted,

By:    Ilene Jaroslaw

cc: All counsel *via ECF*