| | |
|---|---|
| **From:** | Tara Sarnelli <Tara_Sarnelli@nyept.uscourts.gov> |
| **Sent:** | Thursday, April 24, 2025 10:44 AM |
| **To:** | Sara Probber |
| **Cc:** | Ilene Jaroslaw; Skurnik, Matthew (USANYE); Tiffany Rivers |
| **Subject:** | Re: Request for Bond Modification |

**CAUTION:** WARNING -- EXTERNAL EMAIL

Good morning,

Pretrial Services objects to cyber monitoring and location monitoring bond modifications.

Request for a second electronic device:
- A second internet capable device will not be approved unless Mr. Kahn submits proof of employment or enrollment in school.
- Mr. Kahn currently has a monitored smart phone. Why can't video conferencing be conducted on this device?
- Mr. Kahn is to only communicate in English, as all defendants with cyber monitoring restrictions.


Request for curfew:
- There has been no change that would warrant a curfew.
- Under the current home detention condition, Mr. Kahn is permitted to leave his residence for court appearances, court-ordered obligations, attorney visits, religious services, medical appointments, employment, education, substance abuse/mental health services, and other activities approved in advance by Pretrial Services. Essential leave (grooming, grocery shopping, banking, government-related services) is approved on a case-by-case basis, with schedules entered on our end. He has been provided with a daily dog walking schedule. If he would like to request a weekly prayer schedule, he is to submit a letter from the synagogue with the service times. Visits with relatives, social events, and educational programs at his synagogue require a court order.

Thank you,

Tara Sarnelli
U.S. Pretrial Services Officer
Eastern District of New York
225 Cadman Plaza E, Room 219
Brooklyn, NY 11201
Tel: (718) 613-2602
Fax: (718) 312-7222

---

**From:** Sara Probber <sprobber@ekljnlaw.com>
**Sent:** Monday, April 21, 2025 3:32 PM
**To:** NYEPTdb_EM UNIT <emunit@nyept.uscourts.gov>; Tara Sarnelli <Tara_Sarnelli@nyept.uscourts.gov>
**Cc:** Ilene Jaroslaw <ijaroslaw@ekljnlaw.com>
**Subject:** Request for Bond Modification

**CAUTION - EXTERNAL:**

1

Good afternoon, Officer Sarnelli and EM Unit -

We are planning to ask the court for modification of Ilya Kahn's terms of release.  The changes we are requesting and the reasons for them are outlined below. The government takes no position on this request.

Pursuant to Mr. Kahn's Release Order, filed by the Court on December 10, 2024 (hereinafter, the "Release Order"), Mr. Kahn was released on a bond cosigned by financially responsible sureties.  Since that time, Mr. Kahn has faithfully adhered to the conditions set forth in the Release Order, including restrictive home detention and limited access to computers and other devices. Mr. Kahn submits this request for (1) access to a second electronic device – namely, a laptop computer; and (2) permission to leave his residence subject to a curfew as set forth by the Court.

**Request for a Second Electronic Device:**  Mr. Kahn respectfully requests that his Release Order be modified to permit him access to a second device, a personal laptop computer, so that he can continue to attempt to secure employment and participate in educational programs and tutoring.  Remote employment on a laptop computer is most suitable for Mr. Kahn given his age and medical condition. Mr. Kahn has a serious heart condition and finds it challenging to maintain consciousness in traditional, physically demanding work settings.  Mr. Kahn would also like to use this device for video calls with his counsel.

Pursuant to the Release Order, Mr. Kahn has access to one device - a monitored smartphone. Mr. Kahn had also applied and was granted temporary access to a monitored laptop computer for employment purposes. Mr. Kahn paid for monitoring services on this machine.   On April 1, 2025, Mr. Kahn's Pretrial Services (PTS) officer in California informed him that, without proof of employment, Mr. Kahn would no longer be permitted access to a monitored laptop. Mr. Kahn was unable to secure employment, and he returned the laptop to its owner by April 3, 2025, as instructed.

Mr. Kahn's PTS officer in California prohibited him from communicating in Russian on his electronic devices. Mr. Kahn requests that his release order be modified to permit him to receive messages in Russian. Mr. Kahn's friends and family largely communicate in Russian, and they send him articles or messages in their native language. While Mr. Kahn requested that they communicate with him in English, he has found it challenging to control the language that others use in their correspondence to him. Mr. Kahn has adhered, and will continue to adhere, to the condition that he reply to messages only in English.

**Request for a Modification of Home Detention Conditions:**  Mr. Kahn respectfully requests that his Home Detention conditions be modified to grant him a curfew. Mr. Kahn has been complied with the conditions of home detention since his release. While Mr. Kahn is grateful to this Court for permitting his release pending sentence, some of his restrictions are very challenging. For example, the PTS Office has approved Mr. Kahn's trips to stores but the time limits imposed are extremely tight.  We ask that Mr. Kahn be permitted to travel locally to permit longer trips to stores, visits with a relative who is elderly and injured, nearby social events, and educational programs at his synagogue.

Please let us know whether or not you oppose this request.

Thank you,
Sara

| **E K L J N** | ELLIOTT KWOK LEVINE JAROSLAW NEILS LLP

**Sara Probber**
sprobber@ekljnlaw.com  |  Direct: +1 (646) 585-6858
One Grand Central Place

2

60 East 42nd Street, Suite 1570
New York, NY 10165
Tel: +1 (212) 321-0510  |  [www.ekljnlaw.com](www.ekljnlaw.com)



**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

3